UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

ELIMANIEL GONZALEZ,                                            CASE NO.

    Plaintiff,

v.

WAL-MART STORES EAST, LP,
    Defendant.
_____/

**DEFENDANT WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL**

Defendant WAL-MART STORES EAST, LP [incorrectly listed by Plaintiff as Wal-Mart("Wal-Mart"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81 of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Twelfth Judicial Circuit Court in and for Sarasota County, Florida, Case No. 2021-001863, with full reservation of rights, exceptions and defenses, and in support thereof states:

**FACTUAL BACKGROUND**

1. On or about April 21, 2021, Plaintiff Elimaniel Gonzalez ("Plaintiff") commenced this action by filing a lawsuit against Wal-Mart in the Twelfth Judicial Circuit Court in and for Sarasota County, Florida. *See* Pl.'s Compl. attached as Ex. "A." and Docket Sheet attached as Ex. "B."

2. Plaintiff served his Complaint on Walmart's registered agent on April 23, 2021. *See* CT Corporation Service of Process Transmittal Form attached as Ex. "C."

3. The Complaint raises a negligence claim against Wal-Mart due to injuries Plaintiff alleges he sustained on May 26, 2018 while at the Walmart store located at 8320

Lockwood Ridge Road, Sarasota, Florida. *See* Ex. A. Specifically, Plaintiff claims he fell in the front end of the store's checkout lane and "suffered bodily injury". *See id.*, ¶¶ 5;9.

4. On or about October 21, 2020, prior to filing the instant lawsuit, Plaintiff submitted a pre-suit demand letter to Wal-Mart's claims administrator, Claims Management, Inc., in which he demanded from Wal-Mart $1,000,000.00 as full and final settlement of his claim ("Demand Letter"). *See* Demand Letter[1] attached as Ex. "D." The Demand Letter also states he incurred $257,051.64 in medical expenses due to the alleged incident and estimates his future medical care will cost $137,300.00. *Id.*"

5. On July 28, 2021, Plaintiff served Wal-Mart with his Unverified Answers to Interrogatories. Thereafter, on August 2, 2021, Plaintiff served Wal-Mart with his Verified Answers to Interrogatories. *See* Pl. Unverified and Verified Answers to Interrogatories attached as Composite Ex. "E." Plaintiff's Verified Answers to Interrogatories indicate he presently lives in Florida and has resided in Florida since 2013. Moreover, the jurat page attached to Plaintiff's Verified Answers to Interrogatories states that Plaintiff presented a Florida driver's license to the notary public that notarized his signature. *See.* Ex. E. at 16.

6. Given the foregoing, this matter is removable based on diversity of citizenship of the parties and because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

7. Wal-Mart attaches hereto and makes a part of this Notice a copy of the process,

---

[1] Walmart has not filed the medical records Plaintiff submitted with his Demand Letter in order to protect the Plaintiff's personal information and pursuant to the Court's administrative procedures. Should the Court wish to review these documents, Wal-Mart will provide same to the Court for an *in camera* inspection.

pleadings, and other papers filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "F."

8. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## **REMOVAL IS TIMELY**

In accordance with 28 U.S.C. § 1446(b)(3), Wal-Mart files this Notice of Removal within thirty (30) days of its receipt of Plaintiff's Answers to Interrogatories-the "other paper . . ." from which it [was able to ascertain] that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As stated above, Plaintiff's Unverified Answers to Interrogatories were served on Wal-Mart on July 28, 2021. Thereafter, on August 2, 2021, Plaintiff served Wal-Mart with his Verified Answers to Interrogatories. The thirty (30) day period commenced on July 28, 2021, when Plaintiff served his Unverified Answers to Interrogatories on Wal-Mart. In addition, prior to serving his Complaint, Plaintiff sent Wal-Mart the Demand Letter outlining his claimed damages, inclusive of actual medical expenses, in connection with his May 26, 2018 alleged incident. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, because the Twelfth Judicial Circuit where Plaintiff filed his state court action is located in Sarasota County, Florida, which is located within the United States District Court for the Middle District of Florida, Tampa Division.

## **THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES**

Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all

civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A. Citizenship of Elimaniel Gonzalez.

Plaintiff's Verified Answers to Interrogatories and medical records indicate he is a citizen of Florida. "In order for [defendant] to be able to remove this case to federal court based on diversity, diversity must have existed at both the time the complaint was originally filed and at the time of the removal." *Est. of Cochran ex. Rel. Pevarnek v. Marshall*, No. 8:17-cv-1700-T-36TGW, 2017 U.S. Dist. Lexis 196537, at *4 (M.D. Fla. Nov. 30, 2017) (citing *Goff v. Michelin Tire Corp., 837 F. Supp. 1143, 1144 (M.D. Ala. 1993)* (citing *Stevens v. Nichols, 130 U.S. 230, 9 S. Ct. 518, 32 L. Ed. 914 (1889))*; see also *Garza v. Midland Nat. Ins. Co., 256 F.Supp. 12, 13 (S.D. Fla. 1966)*). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *Id* (citing *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002)). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment and to which he has the intention of returning whenever he is absent therefrom." *Id.* at *4 (citing *Sunseri v.Macro Cellular Partners, 412 F.3d 1247, 1249 (11th Cir.2005))*

"The Court makes its determination as to a party's domicile by reviewing several types of evidence, including but not limited to, the party's affidavit, deposition testimony, driver's license, . . .medical records . . . [etc.]. . . ."*Id.*, at 4-5 (citing *Audi Performance & Racing, LLC v. Kasberger,* 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003).

Plaintiff's Verified Answers to Interrogatories establish that he has lived in Florida since 2013. *See* Ex. E at 1-2. Furthermore, the jurat page attached to Plaintiff's Verified

Answers to Interrogatories indicate Plaintiff presented a Florida driver's license to prove his identity to the notary that notarized his Answers to Interrogatories. *See id* at 16. In addition, the excerpts of the medical records Plaintiff produced in response to Wal-Mart's Request for Production ("Medical Records") list a Florida address for the Plaintiff. *See* Med. Records attached as Ex. "G." Accordingly, the totality of the foregoing evidence clearly indicates Plaintiff is domiciled in Florida and, therefore, is a Florida citizen for purposes of diversity jurisdiction.

      **B.**     **Citizenship of Wal-Mart.**

Wal-Mart Stores East, LP is a foreign limited partnership, which is, at the time of the alleged incident, and on the date of the filing of the Complaint, a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC and WSE Investment, LLC are the only partners of Wal-Mart Stores East, LP. WSE Management LLC is the general partner and WSE Investment, LLC is the limited partner.

WSE Management, LLC and WSE Investment, LLC were, on the date of the filing of the Complaint, and currently are Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and on the date of the filing of the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. Wal-Mart Stores East, LLC is a wholly-owned subsidiary of Walmart Inc. Walmart Inc., formerly known as Wal-Mart Stores, Inc., is, and on the date of the filing of the Complaint, a Delaware corporation. The sole member of Wal-Mart Stores East, LLC is and, on the date of the filing of the Complaint, Walmart Inc. The principal place of business for all of the above-mentioned entities is Bentonville, Arkansas and was so on the date of the filing of the Complaint.

## **AMOUNT IN CONTROVERSY**

The amount in controversy exceeds $75,000.00. Although the Complaint does not specify an amount in controversy other than Florida's circuit court jurisdictional minimum, it is clear from the Demand Letter that Plaintiff's claimed damages exceed this Court's jurisdictional minimum of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiff in the pre-suit demand package); *see also Mick v. DeVilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)).

"Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th

Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id.*

The relevant portions of the Demand Letter, along with the medical records and medical bills provided to Wal-Mart with the Demand Letter, conclusively establish that the amount in controversy exceeds this Court's $75,000.00 jurisdictional minimum. As previously stated, Plaintiff's Demand Letter states his medical bills for the alleged incident total $257,051.64 and estimates his future medical care will cost $137,300.00. Ex. D. His August 2, 2021 Verified Answers to Interrogatories list his past medical expenses at $322,197.08. *See* Ex. E at 15. Moreover, Plaintiff estimates the damages in the instant matter to be at least $1,000,000.00, based on the amount he demanded to settle this claim. *See* Ex. D. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

For example, in *Katz v. J.C. Penney Corp.*, the Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz*, 2009 WL 1532129 at *4. The Court noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiff because, like the Demand Letter, it was based on medical records provided by the plaintiff. *Id.*

District courts have also found that the amount in controversy is satisfied by a showing that plaintiff's pre-suit demand letter demonstrates plaintiff's past medical bills exceed $75,000.00. In *Stramiello v. Petsmart, Inc.*, 2010 WL 2136550, at *3 (M.D. Fla. 2010), this Court

determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and he would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.* The Court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur an additional $1 million dollars in future medical expenses as a result of her incident. *Wilson v. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she sought, but only plead that her damages were in excess of $15,000.00, this Court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in her complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

Here, Plaintiff's pre-suit demand package, which estimate Plaintiff's damages to be $1,000,000.00, is alleged to be Plaintiff's honest assessment of his claimed damages since it is based on the medical records he previously provided to Wal-Mart. *See Katz,* 2009 WL 1532129 at *4. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## **CONCLUSION**

This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs.

Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**WHEREFORE**, Defendant WAL-MART STORES EAST, LP respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, filed in the Twelfth Judicial Circuit Court in and for Sarasota County, Florida, Case No. 2021-001863, be removed from that court to the United States District Court for the Middle District of Florida, Tampa Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

        **_s/Suzette L. Russomanno_**
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Suzette L. Russomanno, Esq.
Florida Bar No. 751081
srussomanno@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 S.E. Second Avenue Suite 1200
Miami, FL, 33131
Telephone:      (305) 379-3686
Facsimile:      (305) 379-3690
*Attorneys for Defendant Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 12, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

s/Suzette L. Russomanno
Suzette L. Russomanno

## SERVICE LIST

Darren Finebloom, Esq.
The Law Place
1414 S. Tamiami Trial
Sarasota, Florida 34229
Tel: 941-444-4444
Darren@thelawplace.com
*Attorneys for Plaintiff Elimaniel Gonzalez*