# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ELIMANIEL GONZALEZ,

        Plaintiff,

v.                            Case No. 8:21-cv-2077-KKM-JSS

WAL-MART STORES EAST, LP,

        Defendant.

_____

## <u>ORDER</u>

Plaintiff Elimaniel Gonzalez moves to remand this action to state court. (Doc. 8.) Gonzalez argues that Wal-Mart's removal was untimely and failed to establish the diversity of the parties.[1] His arguments fail, and the Court denies his motion to remand.

On April 21, 2021, Gonzalez filed suit in the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, seeking damages of more than $30,000. (Docs. 1-1 at 1; 1-3.) The suit arose from a May 26, 2018 incident where Gonzalez allegedly fell as the result of Wal-Mart's negligent failure to maintain its premises. (Doc. 1-1 at ¶¶ 5, 8, 9.) On October 21, 2020, before filing suit, Gonzalez's counsel sent a demand letter to Wal-Mart's claims administrator requesting payment for Gonzalez's

---

[1] Gonzalez does not dispute that the amount-in-controversy exceeds $75,000 or that Gonzalez is a citizen of Florida. (Doc. 8 at ¶ 10; Doc. 12 at 2.) The Court is satisfied that the amount-in-controversy requirement is satisfied and that Gonzalez is a citizen of Florida.

injuries. (Doc. 1-9.) In support, it listed the medical bills and the estimated future care Gonzalez would require. (*Id.*) After the suit commenced, Gonzalez provided verified answers to Wal-Mart's interrogatories on August 2, 2021. (Doc. 1-10 at 16.) In those answers, Gonzalez confirmed that Gonzalez was and had been a resident of Florida at all relevant times. (*Id.* at 17–18.) On August 27, 2021, twenty-five days later, Wal-Mart filed its notice of removal under 28 U.S.C. §§ 1441 and 1446(b)(3), alleging diversity jurisdiction. (Doc. 1.)

## I.    LEGAL STANDARD

A state court defendant may remove any case in which a federal district court would have had original jurisdiction. *See* § 1441(a). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001). United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* § 1332(a). The parties must be diverse at the time of removal. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Diversity requires that "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). For purposes of diversity jurisdiction, limited liability companies and partnerships are citizens of every state in which one of their members or partners are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings*

*L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citation omitted). And corporations are citizens where they are incorporated and where they have their principal place of business. *See* § 1332(c)(1).

Removal is timely if the defendant removes within thirty days of receiving the plaintiff's initial pleading or within thirty days of receiving summons if the initial pleading does not need to be served on the defendant. *See* § 1446(b)(1). But if the case as stated in the initial pleading is not removable, the defendant may remove "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). This 30-day trigger commences when the defendant receives a document "contain[ing] an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007).

## II.   ANALYSIS

Gonzalez argues that remand is appropriate because Wal-Mart's removal was untimely and failed to provide sufficient evidence of diversity. (Doc. 8 at 2.) The Court disagrees on both fronts: Wal-Mart's removal was timely and the notice of removal and Wal-Mart's response to the motion to remand provide sufficient evidence of diversity.

First, Wal-Mart's removal was timely. Gonzalez argues it was untimely because Wal-Mart received Gonzalez's presuit demand letter on October 21, 2020, and the medical

3

records attached to the demand letter list his Florida address in numerous places, showing that Gonzalez received treatment in Florida for three years. Gonzalez argues this was sufficient for Wal-Mart to know about Gonzalez's Florida residency. (Doc. 8 at 4.)

Wal-Mart responds that they could not remove within thirty days of being served the complaint because neither the complaint "nor the medical records . . . established [Gonzalez's] citizenship by a preponderance of the evidence." (Doc. 12 at 5.) The Court agrees. The thirty-day clock for removability under § 1446(b)(3) begins when a defendant receives a document "contain[ing] an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007). Neither the complaint nor the medical records contained an unambiguous statement clearly establishing federal jurisdiction. The complaint is silent as to Gonzalez's residency. (Doc. 1-1.) And although the medical records should have alerted Wal-Mart to the possibility of Gonzalez's Florida residency in October 2020, they failed to provide Wal-Mart with an unambiguous statement that Gonzalez was a citizen of Florida in April 2021, when Gonzalez commenced his suit. It is possible that Gonzalez may have moved in the intervening time.[2]

Nor does Wal-Mart's reliance on the damages claimed in the presuit demand letter to establish the amount-in-controversy alter the citizenship question. While the mere

---

[2] In fact, Gonzalez had moved just a year before filing, albeit to a different city within Florida. (Doc. 1-10 at 18.)

passage of time creates no reason to suspect that a plaintiff's alleged damages would diminish, that same passage of time may allow for a plaintiff to move and change his citizenship. Thus, because Wal-Mart received an unambiguous statement of Gonzalez's residency for the first time on August 2, 2021—when Gonzales provided his verified answers and details of his residency—the removal was timely.

Second, Wal-Mart provided sufficient evidence of diversity. In its notice of removal, Wal-Mart included as an exhibit Gonzalez's Verified Answers to Interrogatories, which showed that Gonzalez lived in Florida. Wal-Mart also asserted in its notice of removal that it is a Delaware Limited Partnership with its principal place of business in Arkansas. (Doc. 1 at 5.) Gonzalez argues that Wal-Mart has failed to provide proof that it is diverse from Gonzalez because it has not provided any affidavit or other evidence showing that Wal-Mart is a diverse party.

Although Wal-Mart only alleged its diversity in its notice of removal, it provided sufficient evidence in its response to Gonzalez's motion to remand. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 n.28 (11th Cir. 2010) (noting that a district court can review "all the documents before the court when it reviews the propriety of removal—if, of course, those documents are relevant to the time of removal"). In its response, Wal-Mart included the declaration of the Assistant Secretary of Wal-Mart Stores East, LP. (Doc. 12-1.) The declarant states that Wal-Mart Stores East, LP, was a limited partnership

and that the sole partners of Wal-Mart Stores East, LP, were WSE Management, LLC, and WSE Investment, LLC, and that they are both incorporated in Delaware. He further states that both WSE Management and WSE Investment are made up of one member, Wal-Mart Stores East, LLC, an Arkansas company. And he adds that the only member of Wal-Mart Stores East, LLC, is Walmart Inc., an entity incorporated in Delaware with its principal place of business in Bentonville, Arkansas. Finally, he declares that the principal place of business for all the entities is Bentonville, Arkansas. (Doc. 12-1 at 3.)

A partnership assumes the citizenship of its partners and limited liability companies assumes the citizenship of their members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1021; § 1332(c)(1). Thus, because all of Wal-Mart Stores East, LP's partners, its partners members, and its members' member are incorporated or have their principal place of business outside of Florida, Wal-Mart Stores East, LP is diverse from Gonzalez, a citizen of Florida.[3]

Gonzalez also argues that Wal-Mart failed to establish diversity because it had many stores in Florida. (Doc. 8 at 10.) Gonzalez relies on *Strameilo v. Petsmart Inc.*, a case that used the Eleventh Circuit's old "total activity" standard for determining a corporation's principal place of business. *Stramiello v. Petsmart, Inc.*, No. 810-CV-659-T-33TGW,

_____

[3] The Eleventh Circuit recently accepted this identical declaration as sufficient for the invocation of diversity jurisdiction. *See Granela v. Wal-Mart Stores East, L.P.*, No. 21-11090-JJ (11th Cir. June 28, 2021).

2010 WL 2136550, at *3 (M.D. Fla. May 26, 2010). The Supreme Court specifically rejected this test in favor of the "nerve center" test, which ordinarily makes a corporation's principal place of business "its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Thus, it is irrelevant how many stores Wal-Mart Stores East has in Florida—what matters is where the nerve center of their operation is. And here, Wal-Mart Stores East has provided sufficient evidence that it is in Arkansas.

Wal-Mart timely removed to this Court upon receiving an "unambiguous statement" that Gonzalez's citizenship was diverse to its own. Its notice of removal, together with its response to Gonzalez's remand motion and attached exhibits, provide sufficient evidence that the parties are diverse and that the amount-in-controversy exceeds $75,000. Accordingly, Gonzalez's motion for remand (Doc. 8) is **DENIED**.

**ORDERED** in Tampa, Florida, on October 14, 2021.

Kathryn Kimball Mizelle
United States District Judge