UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO. 8:21-cv-02077-KKM-JSS

ELIMANIEL GONZALEZ,

      Plaintiff,

v.

WAL-MART STORES EAST, LP,
      Defendant.

_____/

### DEFENDANT WAL-MART STORES EAST, LP'S, MOTION FOR SUMMARY JUDGMENT

Defendant WAL-MART STORES EAST, LP, by and through undersigned counsel, and under Federal Rule of Civil Procedure 56, moves for summary judgment and states:

### Preliminary Statement

Plaintiff Elimaniel Gonzalez's Complaint alleges a premises liability negligence claim against Wal-Mart. Specifically, Plaintiff claims he was shopping at Wal-Mart and slipped and fell on a substance, which caused alleged injuries to his neck, back, and right knee.

Based on the record evidence, Wal-Mart did not have actual or constructive notice of this alleged condition. Gonzalez cannot establish a prima facie case under Florida Statutes § 768.0755, (Premises liability for transitory foreign substances in a business establishment). As a result, Wal-Mart is entitled to summary judgment.

## Statement of Undisputed Material Facts

1. Plaintiff Elimaniel Gonzalez brings a negligence action against Wal-Mart for injuries he claims he suffered after slipping at a Wal-Mart store in Sarasota, Florida. *See* Joint Statement of Undisputed Facts, ¶ 1.

2. Gonzalez claims he slipped and fell on a substance as he was walking through an aisle near the store's registers. *See* Joint Statement of Undisputed Facts, ¶ 2.

3. Gonzalez did not see the substance before he slipped, but he saw a white creamy liquid (similar to the color of the floor) about the size of a dinner plate on the floor after he fell. (Pl.'s Dep. at 43:24-44:24, attached as Ex. A to the Joint Statement of Undisputed Facts).

4. He observed no dirt, footprints, or shopping cart marks in the substance. *Id.* at 45:4-12.

5. Gonzalez does not know from where the substance originated. *Id.* at 45:2-3; 53:9-12.

6. Similarly, he does not know how long the liquid was on the floor before his incident. *Id.* at 45:4-6.

7. Gonzalez observed no Wal-Mart employees in the incident area at the time of the incident. *Id.* at 45:23-25.

8. Gonzalez has no evidence of Wal-Mart having known about the substance before his fall. *Id.* at 46:1-4.

1

9.      Wal-Mart's CCTV system captured the incident and the moments before the incident. [1] *See generally* CCTV, Ex. B.

10.     At approximately 02:45:01 in the video, Gonzalez is seen slipping.



*See* Joint Statement of Undisputed Facts, ¶ 4 (CCTV at 02:45:01).

11.     Just seconds before the incident, a child is shown standing right at the area holding what appears to be a white colored food item:

---

[1]      Undersigned counsel overnighted a USB of the CCTV footage ("CCTV") to the Court-and opposing counsel and filed the CCTV footage conventionally with the Clerk of Court, pursuant to the Court's Order [ECF No. 31]. The CCTV is Ex. B.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690



(*See* CCTV at 02:44:32-02:44:40).

12.    The video also shows that, in the moments leading up to the incident, no Wal-Mart customer experienced issues walking through the area prior to the incident.  (*See* CCTV).

## Memorandum of Law

### I.    Summary judgment standard

Summary judgment is proper when the movant shows there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  A party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrates the absence of a genuine issue of material fact. *See id.* at 323.  To discharge this burden, a movant need only direct the court's attention to the fact

3

that there is no evidence to support the non-moving party's case. *See Jeffrey v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995); *see also Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) ("Where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial."). Once a movant has met its burden, the burden shifts to the non-moving party to offer affirmative evidence to support its claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex, 477 U.S. at 323). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox. Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (quoting Celotex, 477 U.S. at 324). Therefore, to meet that burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also* Fed. R. Civ. P. 56(e) (the non-moving party may not "rest upon the mere allegations and

4

denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.").  Failing to present proof about an essential element of the non-moving party's case renders all other facts immaterial and requires the court to grant the motion.  *See Celotex Corp.,* 477 U.S. at 322.

Here, there is no genuine issue of material fact and Wal-Mart, as the moving party, is entitled to judgment because Gonzalez cannot make a sufficient showing that Wal-Mart had notice of the substance, which is an essential element of his case.

## II.   Plaintiff cannot prove that Wal-Mart had notice of the alleged condition.

To succeed on a negligence claim in Florida[2], the plaintiff must prove by a preponderance of the evidence that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the defendant's breach was the proximate cause of the plaintiff's injuries; and (4) resulting damages.  *See Las Olas Holding Co. v. Demella*, 228 So. 3d 97, 102 (Fla. 4th DCA 2017).  It is essential that a plaintiff must prove that the defendant's breach of its duty was the proximate cause of the plaintiff's injuries.  Under Florida law, proximate cause is "that cause which in natural and continued

---

[2]     A federal court sitting in diversity applies the substantive law of the state in which the case arose. *See Pendergast v. Sprint Nextel Corp.,* 592 F.3d 1119, 1132-33 (11th Cir. 2010). Florida law principles govern this case because Gonzalez's incident occurred in Sarasota, Florida. (*See* ECF No. 1-1, Compl. at ¶ 3).

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305·379·3686 · FACSIMILE: 305·379·3690

sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." *Pope v. Pinkerton-Hays Lumber Co.*, 120 So. 2d 227 (Fla. 1st DCA 1960).

A business owner owes invitees two duties: (1) to warn of concealed dangers and (2) to use ordinary care to maintain its premises in a reasonably safe condition. *See Brookie v. Winn-Dixie Stores*, 213 So. 3d 1129, 1131 (Fla. 1st DCA 2017). An owner is entitled to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his senses and need not give the invitee notice or warning of obvious danger. *See City of Melbourne v. Dunn*, 841 So. 2d 504 (Fla. 5th DCA 2003).

"[T]he right to recover in a slip and fall case requires more than a showing simply that the surface upon which the injured fell was slick, smooth or wet." *Williams v. Holland*, 205 So. 2d 682 (Fla. 1st DCA 1968). Negligence may not be inferred from the occurrence of an accident alone. *Winn Dixie Stores, Inc. v. White*, 675 So. 2d 702, 703 (Fla. 4th DCA 1996). A premises owner is not an insurer of its patron's safety and not strictly liable for accidents on its premises. *See Winn-Dixie Stores, Inc. v. Marcotte*, 553 So. 2d 213, 214 (Fla. 5th DCA 1989) ("An entity in the actual possession and control of a premises, such as a supermarket, to which members of the public are invited, is not an insurer of the safety of such persons..."). The fact that a person slipped and fell does not give rise to a reasonable inference of negligence. *See generally Encarnacion v. Lifemark Hosps. of Florida*, 211 So. 3d 275, 277 (Fla. 3d DCA 2017).

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305·379·3686 · FACSIMILE: 305·379·3690

In any slip and fall at a business establishment allegedly caused by a transitory foreign substance Florida Statutes § 768.0755 mandates that the plaintiff prove the defendant had notice of the substance alleged to have caused the plaintiff to fall. "Transitory foreign substance" is defined as any liquid or solid substance, item, or object located where it does not belong. *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 317 (Fla. 2001) (citations omitted).

The statute sets forth Gonzalez's burden of proof. Specifically, section 768.0755 provides that a person who slips and falls on a transitory substance in a business establishment must "prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). The plaintiff may prove the business establishment has constructive knowledge by circumstantial evidence showing that:

> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

> (b) The condition occurred with regularity and was therefore foreseeable.

*Id.*

Accidents unavoidably happen despite exercising due care, but the intent of the statute is to hold premises owners liable only where the evidence shows they actually knew or should have known about the transitory foreign substance. That a plaintiff falls in a substance is not enough without a threshold showing of notice. Under this statute, Gonzalez must produce evidence that he was owed a

duty of care by Wal-Mart, which was breached, *and that Wal-Mart had notice of the defective condition.*

When the evidence is viewed in the light most favorable to Gonzalez, he cannot meet his burden of proof to establish Wal-Mart had actual or constructive notice of the substance that allegedly caused his to fall. He can present no evidence Wal-Mart knew of the liquid before his incident or that Wal-Mart caused it to be on the floor. He also cannot produce any evidence that the condition occurred with regularity, and thus it was foreseeable. Accordingly, as more fully detailed below, Wal-Mart is entitled to summary judgment in its favor as analyzed below.

### A. Wal-Mart did not have actual notice of a dangerous condition.

Gonzalez cannot produce evidence sufficient to raise a triable issue of fact regarding Wal-Mart's actual notice of the allegedly dangerous condition. An owner has "actual knowledge" of a dangerous condition when the owner or one of their agents knows or creates the dangerous condition. *See Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953 (Fla. 5th DCA 2001). Indeed, Wal-Mart cannot be held liable on a negligence theory simply because Gonzalez allegedly slipped and fell on a substance. *See White*, 675 So. 2d 702 (negligence "may not be inferred from the mere happening of an accident alone"); *see also Winn-Dixie Stores v. Mazzie*, 707 So. 2d 927 (Fla. 5th DCA 1998) (granting summary judgment in the defendant's favor where the plaintiff did not see the source of the substance nor did he know how the liquid got on the floor or how long it had been there).

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305·379·3686 · FACSIMILE: 305·379·3690

There is no evidence that anyone from Wal-Mart was aware there was a substance on the floor before the incident. (Ex. "A," Pl.'s Dep. at 45:23-25 and 46:1-4). In fact, there is no evidence in the record that Wal-Mart had notice of the substance before Gonzalez slipped on it. With no evidence Wal-Mart caused the substance to be on the floor or knew of its presence, Gonzalez has failed to prove Wal-Mart had actual notice of the alleged condition that caused his incident.

**B. Gonzalez has not presented any evidence that a dangerous condition existed for such a length of time that Wal-Mart should have discovered it.**

Without actual notice, Gonzalez's only avenue to meet the mandates of section 768.0755 is to prove Wal-Mart had constructive notice of the substance on the floor. He, however, is similarly unable to prove constructive notice.

Gonzalez testified that he did not see the substance on the floor before he fell. (*See* Ex. "A," Pl.'s Dep. at 43:24-44:24). There is no testimony that anyone complained about a liquid on the floor on the day of Gonzalez's fall, or that anyone informed Wal-Mart that there was a liquid on the floor before Gonzalez's slip and fall. There is simply no evidence of the length of time the substance was on the floor.

Further, Gonzalez's testimony of a substance on the floor is not enough to impute constructive notice to the business owner (i.e., Wal-Mart) of the condition. Case law is clear that the mere fact of a transitory foreign substance on the floor does not mean a reasonable inference can be made that Wal-Mart

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305·379·3686 · FACSIMILE: 305·379·3690

knew about it. *See Daniels*, 692 F.2d at 1322. Wal-Mart cannot be held liable under a theory of constructive notice without evidence pointing to the length of time the substance existed on the floor before his incident. *See, e.g., Berard v. Target Corp.*, 559 F. App'x 977, 978 (11th Cir. 2014) (applying Florida law and affirming summary judgment where the plaintiff did not show the spill existed for such a length of time the defendant-store should have known about it); *see also Nguyen v. Costco Wholesale Corp.*, No. 19-CV-80393, 2020 U.S. Dist. LEXIS 72418 (S.D. Fla. Apr. 24, 2020) ("[T]he mere presence of water on the floor is not enough to establish constructive notice"— rather, the record must contain additional facts to create a permissible inference regarding the amount of time the water had been on the floor.") (citations omitted).  There is no evidence of that key factual requirement-the length of time the substance was on the floor.

Courts in this Circuit routinely grant summary judgment for the defendant when record evidence shows the plaintiff did not know how the substance came to be on the floor, where the substance came from, how long the substance was on the floor, or whether any employee knew the substance was on the floor before the fall. *E.g., Donnelly v. Wal-Mart Stores E., LP*, 844 F. App'x 164 (11th Cir. 2021); *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007 (11th Cir. 2019); *Pussinen v. Target Corp.*, 731 F. App'x 936 (11th Cir. 2018).  To that end, we can look to case law that sets forth the facts sufficient to establish constructive notice.

In *Palavicini*, for example, the plaintiff claimed a Wal-Mart employee told her an AC unit was leaking after she fell in Wal-Mart's store. *Id.* at 1009.

10

Specifically, plaintiff Evelyn Palavicini claimed she slipped and fell on liquid on the floor of a Wal-Mart store. Although, she did not know how or when the liquid got on the floor, she alleged an unidentified female employee told her an air conditioning vent might have been leaking for one week before the incident. *Id.* at 1009. She sued Wal-Mart alleging it negligently failed to maintain its property in a reasonably safe manner or to warn her of the dangerous condition posed by the liquid. *Id.* Wal-Mart moved for summary judgment, and the district court granted the motion. *Id.* The court held that Palavicini failed to provide sufficient evidence to support a reasonable inference that Wal-Mart had constructive notice of the liquid on the floor. *Id.*

On appeal, Wal-Mart argued that the district court correctly concluded Palavicini could not meet her burden of proof to establish Wal-Mart had actual or constructive notice of the transitory foreign substance that caused her slip or of an active leak from the ceiling or AC vent before the accident. *Id.* at 1011-15. Ms. Palavicini presented no competent evidence Wal-Mart knew of the substance before her incident. *Id.* at 1012. The record evidence showed she did not see the liquid before slipping in it, had no knowledge of the condition of the liquid before it got on the floor, did not know how long it had been there before she fell, did not know how it got there, and did not know of any Wal-Mart employees aware of its presence before her fall. *Id.* As a result, Palavicini could not, as a matter of law, establish a prima facie case under Section 768.0755, Florida Statute.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305·379·3686 · FACSIMILE: 305·379·3690

The Eleventh Circuit agreed with Wal-Mart in holding that Palavicini failed to produce sufficient evidence to support a reasonable inference that Wal-Mart had actual or constructive notice of the liquid on the floor or a leak from the ceiling. *Id.* at 1015. It therefore affirmed the district court's grant of summary judgment in Wal-Mart's favor. *Id.*

The Eleventh Circuit's decision in *Berbridge v. Sam's E., Inc.*, 728 F. App'x 929 (11th Cir. 2018), is factually and legally analogous and supports summary judgment in Wal-Mart's favor. There, the plaintiff claimed she slipped and fell on water that had leaked from an overhead AC unit and accumulated in defendant-Sam's Club's frozen-food aisle. The district court entered summary judgment in the defendant-store's favor. *Id.* at 929.

On appeal, the appellate court stated:

> In the light most favorable to Berbridge, the evidence showed that she slipped and fell on a liquid substance on the floor of the frozen-food aisle at a Sam's Club. She did not see the substance before slipping in it and did not know how long it had been there. She testified that it was "medium size" but "wasn't that big," wet but not sticky, and "dark" and "dirty." She did not know what caused the substance to be dirty. She saw no cart tracks or footprints in the substance, besides the mark caused by her shoe when she slipped. When she informed an employee of her fall and pointed out the substance, the employee noted that an overhead air conditioning unit was dripping from above where she slipped. Before she left the area, she observed a drop of liquid fall from the AC unit. She testified that it was not dripping heavily.

*Id.* at 930-31. Given these facts, the court held the evidence was "not enough for a reasonable jury to infer that the liquid substance 'had been on the floor for a

12

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305·379·3686 · FACSIMILE: 305·379·3690

sufficient length of time to charge the store owner with constructive knowledge of its presence.'" *Id.* at 932. The court explained:

> Nor are there other signs of age that could support an inference that the condition of the substance was due to the passage of time. As the district court noted, there was no "evidence of footprints, prior track marks, change in consistency, drying of the liquid, or other evidence suggesting that the substance was on the floor for such a length of time that Defendant should have known about it and taken action to remedy it." We also don't know the size of the substance. Had the puddle on the floor been large, that could have suggested, in light of the slow dripping observed by Berbridge, that the AC unit had been leaking for a while. *See Erickson v. Carnival Cruise Lines, Inc.*, 649 So. 2d 942, 943 (Fla. 3d DCA 1995) (concluding that "the source of the puddle (i.e. ceiling leak) as well as the size of the puddle were sufficient to create a jury question" as to constructive knowledge). In sum, the record lacks any evidence from which a reasonable jury could conclude that the substance was "dark" and "dirty" because it was present on the floor for a period long enough to charge Sam's Club with constructive knowledge.

*Id.* at 932-933.

In *Broz v. Winn-Dixie Stores, Inc.,* 546 So. 2d 83 (Fla. 3d DCA 1989), the plaintiff sued the defendant supermarket in a slip and fall incident on a grape. The appellate court affirmed summary judgment for the defendant finding the defendant could not be held liable absent evidence of how long the grape was on the floor. *Id.* at 83. The court reasoned there was no record evidence to indicate the grape had been on the floor for any length of time such as thawing, cart marks, footprints, or other indicia of constructive notice. *Id.* The court explained that without this evidence, a jury verdict would be sheer speculation. *Id.*

Also, in *Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126 (Fla. 4th DCA 2020), the Florida's Fourth District Court of Appeal upheld a summary judgment

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305·379·3686 · FACSIMILE: 305·379·3690

finding for defendant-Winn-Dixie on facts comparable to those at issue here.  The plaintiff did not see the transitory foreign substance before she fell and did not know how the substance got there or how long it had been there.  *Id.* at 127.  After her fall she noticed a "clear, dirty liquid on the floor" that had "some sort of red speck or purple speck" and looked like it was "smeared on the ground."  *Id.*  She photographed the liquid, later determined to be a "squished grape." *Id.*  There were no cart tracks or footprints, but there was a slip mark. *Id.*  The court affirmed summary judgment on the issue of constructive notice because no one saw the grape or surrounding liquid on the floor before the plaintiff's fall.  *Id.*

Here, Gonzalez has only offered evidence of a substance on the floor. Plaintiff has produced no evidence of the length of time the substance was on the floor or the source of the substance.  Plaintiff testified there was no dirt, footprints, or shopping cart marks in the substance. (Ex. "A," Pl.'s Dep. at 45:4-12).  Gonzalez does not know how long the liquid was on the floor before his incident. *Id.* at 45:4-6.  Under the case law discussed above, without evidence establishing how long the substance had been on the floor, summary judgment is warranted. Any speculation, conjecture, supposition, or inferences to prove the length of time the substance existed on the floor or as to the source of the substance cannot sustain Gonzalez's burden. There is no evidence the substance was on the floor for such a length of time as to constitute constructive notice of its existence.

In short, the business operator's duty to maintain its premises in a reasonably safe condition and to warn of known perils does not equate to a duty

to keep the premises "absolutely safe or in such condition that no accident could possibly happen to a customer i.e. only ordinary care is required." *Yuniter v. A & A Edgewater of Florida, Inc.*, 707 So.2d 763, 764 (Fla. 2d DCA 1998). In other words, simply establishing a peril existed does not mean the business operator was negligent in permitting its existence. To that end, the mere occurrence of an accident does not, without more, give rise to an inference of negligence. *Crawford v. Miller,* 542 So. 2d 1050, 1051 (Fla. 3d DCA 1989). A plaintiff always maintains the burden of proof to establish that the business establishment had actual or constructive knowledge of the dangerous condition and should have remedied it under Section 768.0755, Florida Statute and relevant case law.

As analyzed herein, Florida law is clear that summary judgment for Wal-Mart is appropriate because this case is grounded on a guess or speculation; it is not founded on observable facts or reasonable inferences to be drawn from the record. Accordingly, Gonzalez cannot meet the requirements of Section 768.0755, and Wal-Mart is entitled to summary judgment in its favor.

### C.   The only evidence on duration supports that the substance was on the floor for just 21 seconds.

Video footage is reliable evidence in summary judgment proceedings and it can and should be considered when appropriate. *See, e.g., Lavora v. NCL (Bahamas) Ltd.*, 15-24285-CIV, 2016 WL 7325592, at *3 (S.D. Fla. Dec. 16, 2016). Where a video recording of an event obviously contradicts a party's version of the facts, the Court may accept the video's depiction instead of the party's. *See Pourmoghani-Esfahani*, 625 F.3d 1313, 1315 (11th Cir. 2010) (citing

*Scott v. Harris*, 550 U.S. 372, 380 (2007)) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *see also Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013) (finding that "where an accurate video recording completely and clearly contradicts a party's testimony, that testimony becomes incredible"). It is well-established that the plaintiff's speculation regarding the cause of his fall cannot create a genuine issue of material fact for trial. *See J.B. ex rel. Brown v. Amerson*, 519 F. App'x 613, 619 (11th Cir. 2013) (affirming summary judgment due to video footage even with conflicting deposition testimony).

Wal-Mart's closed-circuit television ("CCTV") or video surveillance captured the events leading up to the fall. The video shows the incident occurring at 02:45:01. ***Just 21 seconds earlier***, a child is seen holding what appears to be a white colored food item right at the incident area. (*See* CCTV at 02:44:32-02:44:40). It is not Wal-Mart's burden to establish the source of the liquid on which Plaintiff slipped; however, it can be reasonably inferred that the white substance on which he slipped was caused to be on the floor, for the first time, at 02:44:40-just 21 seconds before the incident.

Twenty-one seconds, however, is not enough time to charge Wal-Mart with constructive notice. There is abundant Florida case law that the existence of a dangerous condition for ***approximately 15 minutes or less is insufficient***

16

***time, as a matter of law, to put a defendant on constructive notice***.
These cases all support the entry of summary judgment for the defendant where a
condition exists for less than approximately 15 minutes as is the case here. *E.g.,*
*Pussinen*, 731 F. App'x at 938-39.

In *Winn Dixie Stores, Inc. v. Williams*, 264 So. 2d 862, 864 (Fla. 3d DCA
1972), the court held that the dangerous condition must have existed for at least
15-20 minutes for "defendants to be charged with knowledge of the condition and
a reasonable time in which to correct it." This is because to have a finding of
constructive notice, there must be evidence of a reasonable time in which the
condition could have been corrected.

In *Hussain v. Winn Dixie Stores, Inc.,* 765 So. 2d 141, 142 (Fla. 5th DCA
2000), the court found that although egg splatter was described as "dirty,"
constructive notice was not found where the only marks through the eggs were
created by the plaintiff, there was no evidence this specific egg had crusted or
"aged," and there had been an inspection of the area 15 to 20 minutes before the
fall.

Similarly, in *Winn Dixie Stores, Inc. v. Gaines*, 542 So. 2d 432 (Fla. 4th
DCA 1989), the plaintiff slipped and fell on some rice and beans that had spilled
on the floor while she was shopping in the defendant's supermarket.  There was
no evidence on how long the rice and beans had been on the floor, however, there
was testimony the area was inspected 30 minutes before the accident.  The court
concluded that insufficient time then elapsed between the time of the inspection

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305·379·3686 · FACSIMILE: 305·379·3690

and the accident to impose constructive knowledge on management of the condition of the aisle. *Id.* at 433.

Here, even drawing every reasonable inference for Gonzalez, Wal-Mart is entitled to summary judgment in its favor because he has not satisfied his burden of proving Wal-Mart had constructive notice of the substance before his incident; the video evidence supports the fact the substance was on the floor for ***no more than 21 seconds, which is insufficient for a constructive notice finding***. *See Pussinen*, 2018 U.S. App. LEXIS 12960 (15 minutes since employee last passed through or inspected area not sufficient length of time to impute constructive notice); *Gaines*, 542 So. 2d 432 (30 minutes not sufficient). There is no evidence the substance was on the floor for a sufficient length of time to impose constructive knowledge upon Wal-Mart as a matter of law.

### D. Gonzalez's incident was not foreseeable due to similar incidents.

Summary judgment in Wal-Mart's favor is also proper because there is no record evidence of falls on liquid substances at the area at issue occurred with enough regularity to impute constructive notice upon Wal-Mart. *See Peer v. Home Depot USA, Inc.,* No. NO. 2:1l-cv-14356-KMM, 2012 WL 1453573, at *3 (S.D. Fla. Apr. 26, 2012). In *Peer,* 2012 WL 1453573, at *1, the plaintiff sued Home Depot after he slipped and fell on a slimy substance. The court granted the defendant's motion for summary judgment on constructive notice because there was no record evidence of substantially similar incidents occurring with enough frequency to impute constructive notice upon Home Depot. *Id.* at *3. The court

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305·379·3686 · FACSIMILE: 305·379·3690

explained that although the defendant had policies and procedures to prevent slip and falls, simply having policies to prevent incidents does not equate to those instances being foreseeable. *Id.*

In the instant case, because Gonzalez has presented no evidence of prior similar incidents involving falls on the floor in the area, he has failed to prove constructive notice on the basis that similar incidents occurred with regularity and were foreseeable. *See, e.g., Rubiano v. Costco Wholesale Corp.*, No. 15-24291, 2016 WL 7540571, at *3 (S.D. Fla. Oct. 4, 2016) (*citing Salazar v. Norwegian Cruise Line Holdings, Ltd.*, 188 F. Supp. 3d 1312 (S.D. Fla. 2016) (granting summary judgment in slip-and-fall case because the plaintiff "provided no evidence at all of any accidents of the sort he experienced in the location he experienced it (or any similar location)" because "[c]onstructive notice cannot be based on mere theory")); *Peer,* 2012 WL 1453573, at *3 (same). Accordingly, summary judgment in Wal-Mart's favor is appropriate.

## Conclusion

Gonzalez's claim fails because there is no evidence Wal-Mart had actual or constructive notice of a dangerous condition, which is a required element of his claims.  He cannot prove the liquid he claims caused his fall existed for enough time to place Wal-Mart on notice.  Therefore, Wal-Mart requests the Court enter summary judgment in its favor.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305·379·3686 · FACSIMILE: 305·379·3690

*s/**Suzette L. Russomanno***
Suzette L. Russomanno, Esq.
Florida Bar No. 751081
srussomanno@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 S.E. Second Avenue Suite 1200
Miami, FL, 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Defendant, Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 29, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*s/ **Suzette L. Russomanno***
Suzette L. Russomanno

## SERVICE LIST

Darren Finebloom, Esq.
The Law Place
1414 S. Tamiami Trial
Sarasota, Florida 34229
Tel: 941-444-4444
Darren@thelawplace.com
*Attorneys for Plaintiff Elimaniel Gonzalez*

Alexander H. Longo, Esquire
THE RUTH LAW TEAM
P.O. Box 16847
St. Petersburg, FL 33733-6847
(727) 327-3222
alongo@getjustice.com
nwhitfield@getjustice.com
*Attorneys for Plaintiff Elimaniel Gonzalez*