UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIMANIEL GONZALEZ,

    Plaintiff,

v.                                               Case No: 8:21-cv-02077-KKM-JSS

WAL-MART STORES EAST, LP,

    Defendant.
_____

## ORDER

Elimaniel Gonzalez slipped and fell in a substance at a Wal-Mart store as he was walking through an aisle near the store's registers. Gonzalez sued Wal-Mart Stores East, L.P., for negligence and Wal-Mart now moves for summary judgment. Because Gonzalez fails to show that Wal-Mart had actual or constructive notice of the transitory substance on its floor, Wal-Mart's Motion for Summary Judgment is granted.

I.    UNDISPUTED FACTS

On May 26, 2018, Gonzalez slipped and fell on a substance as he was walking through the aisle near Wal-Mart's registers. (Doc. 33 at 1–2.) Wal-Mart's closed-circuit television (CCTV) system recorded Gonzalez slipping and falling, as well as almost two hours of activity in the aisle prior to the incident. (Wal-Mart Security Tape: Action Alley

1

Front_Left_to_Right (May 26, 2018) (hereinafter "CCTV") at 12:59:55–02:45:01.)[1] The footage begins with a shopping cart loaded with various items sitting in front of the self-checkout section in the same area where Gonzalez would later slip and fall. (*Id.* at 12:59:55.) A Wal-Mart employee removed the cart and then, approximately eight minutes later, Gonzalez fell. (*Id.* at 02:36:35–02:45:01.) During those eight minutes preceding Gonzalez's fall, several customers and Wal-Mart employees walked near and over the area where Gonzalez fell. (*Id.* at 02:36:35–02:44:39.) Seconds prior to Gonzalez's fall, a child stood over the floor with a white substance in hand. (*Id.* 02:44:32–39.)

Gonzalez did not notice the substance before he slipped but saw a white creamy liquid on the floor afterwards. (Doc. 33-1 at 44.) Nor did Gonzalez observe dirt, footprints, or shopping-cart marks in the substance. (*Id.* at 45.) Gonzalez admits he neither knew where the substance originated nor how long the substance was on the floor prior to the incident. (*Id.* at 45, 53.) Gonzalez did not see a Wal-Mart employee in the area at the time of the incident. (*Id.* at 45.)

On April 21, 2021, Gonzalez filed suit in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, claiming his injuries were the result of Wal-Mart's negligent failure to maintain its premises. (Doc. 1 at 1; Doc. 1-1 at ¶¶ 5, 8, 9.) Wal-

---

[1] The parties cite the time of events in the video using a clock displayed in the record. The Court uses the same convention.

Mart removed the action to this Court. (Doc. 1.) Wal-Mart now moves for summary judgment, and Gonzalez opposes the motion. (Doc. 32; Doc. 38.)

## II.   LEGAL STANDARD

Summary judgment is appropriate if no genuine dispute of material fact exists, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if it might affect the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant always bears the initial burden of informing the district court of the basis for its motion and identifying those parts of the record that demonstrate an absence of a genuine issue of material fact. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). When that burden is met, the burden shifts to the nonmovant to demonstrate that there is a genuine issue of material fact, which precludes summary judgment. *Id.* The nonmoving party must "go beyond the pleadings and by [his] own affidavits" and point to evidence in the record that demonstrates the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotation omitted). A moving party is entitled to summary judgment when the nonmoving party "fail[s] to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* at 323.

The Court reviews the record evidence as identified by the parties and draws all legitimate inferences in the nonmoving party's favor. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020); *Dareing v. Bank of Am. Corp.*, 705 F. App'x 882, 885 (11th Cir. 2017) (per curiam). Here, to the extent that the record is disputed or capable of multiple inferences, the Court draws them in favor of Gonzalez, the non-movant.

### III. ANALYSIS

Under Florida law, a plaintiff must prove four elements to succeed on a negligence claim: "(1) a duty by defendant to conform to a certain standard of conduct; (2) a breach by defendant of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to plaintiff." *Las Olas Holding Co. v. Demella*, 228 So. 3d 97, 102 (Fla. 4th DCA 2017) (quotation omitted). A business owner owes customers a duty to warn of concealed dangers and to use ordinary care to maintain its premises in a reasonably safe condition. *See Brookie v. Winn-Dixie Stores, Inc.*, 213 So. 3d 1129, 1131 (Fla. 1st DCA 2017). For accidents involving a transitory foreign substance in a business establishment, Florida law requires the plaintiff to "prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1).

Wal-Mart moves for summary judgment on the basis that Gonzalez cannot prove Wal-Mart had either actual or constructive notice of the dangerous condition. (Doc. 32 at

4

1.) Wal-Mart meets its initial burden as the moving party by identifying parts of the record it contends to show that there is no genuine dispute between the parties that Wal-Mart lacked notice, actual or constructive. (*Id.* at 10, 17.) The burden then shifts to Gonzalez, the nonmoving party, to show that a genuine issue of material fact as to notice precludes summary judgment. *See Clark*, 929 F.2d at 608. Gonzalez fails. He identifies no evidence by which a reasonable jury could infer that Wal-Mart had actual or constructive notice of the transitory substance before he fell.

### A. Gonzalez Fails to Provide Evidence that Wal-Mart Possessed Actual Notice

A business owner has "actual knowledge" of a dangerous condition when the owner or one of its agents knows or creates the dangerous condition. *Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953, 957 (Fla. 5th DCA 2001). According to Gonzalez, Wal-Mart employees "left the cart obstructing the self-checkout area while guests and employees used [the cart] as storage for unwanted or unclaimed items for almost two hours preceding the [slip and] fall." (Doc. 38 at 7.) Gonzalez relies on the CCTV footage to establish that the cart sat on the floor where he slipped and that an employee moved the cart approximately eight minutes before the incident. (*Id.* at 8.) Thus, Gonzalez contends, Wal-Mart created the dangerous condition because the white, creamy liquid that he slipped on either must have originated from the cart or was already on the floor before the employees placed the cart in the aisle. (*Id.* at 7–9.) Yet that deduction does not necessarily follow. Gonzalez fails to

5

point to evidence of a white, creamy liquid falling from the cart or leaking from any item in the cart onto the floor prior to his fall. (Doc. 42 at 1; Doc. 33-1 at 53.) Because Gonzalez fails to identify such evidence, the presence of the cart alone cannot give rise to a permissible inference that Wal-Mart created the dangerous condition. *See Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982) (explaining that a reasonable jury cannot conclude a fact if it is based on "only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation" (quotation omitted)); *see also Berbridge v. Sam's East, Inc.*, 728 F. App'x. 929, 934 (11th Cir. 2018) (per curiam) (quoting *Twin Oaks* to affirm an entry of summary judgment).

Gonzalez retorts that the CCTV footage shows the white substance on the floor immediately following the cart's removal, thereby allowing a permissible inference that the substance leaked from the cart. (Doc. 38 at 2, 7.) Not quite. Although a white shape occasionally appears in the CCTV footage in the time between the cart's removal and Gonzalez's slip, a jury could not reasonably conclude this shape was a transitory substance on the ground. First, throughout the eight minutes, the alleged substance repeatedly disappears and reappears. (CCTV at 02:36:48–02:37:03, 02:37:05–11, 02:38:04–17, 02:38:31–40, 02:39:44–51, 02:40:21–50, 02:41:02–09, 02:41:24–47, 02:44:12–34, 02:44:39–56.) Second, there was no visible white, creamy substance on the floor when Gonzalez fell, (*id.* at 02:45:00–05), or after he walked away, (*id.* at 2:45:11–23). Third,

6

nineteen people traversed, pushed carts over, or stood on top of the floor where the white shape occasionally appeared, yet the shape remained intact when they did so (or was not visible at all). (CCTV at 2:36:45–2:44:56.)[2] If the shape was a transitory substance on the ground—instead of a trick of the lighting or a flaw in the film—then the substance would be visible on the footage during and after Gonzalez's fall and would change in accord with footprints and carts. Thus, the CCTV footage fails to establish that Gonzalez tripped on a substance leaking from the cart or preexisting the cart's presence. *See Prosper v. Martin*, 989 F.3d 1242, 1252–53 (11th Cir. 2021) ("A blurry video that does not depict much of anything cannot give rise to issues of fact about what did or did not happen on a particular occasion."). Here, the video, which Gonzalez admits is "grainy," (Doc. 38 at 8), does not create a genuine dispute of material fact.

Thus, Gonzalez fails to point to evidence that Wal-Mart had actual notice of the substance prior to Gonzalez's fall. Speculation cannot defeat summary judgment. *See Cordoba v. Dilliard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

## B. Gonzalez Fails to Provide Evidence of Constructive Notice

A business can possess "constructive notice" of a dangerous condition if the substance was on the floor for enough time before the fall. Fla. Stat. § 768.0755(1)(a); *see Berard v. Target Corp.*, 559 F. App'x 977, 978 (11th Cir. 2014) (per curiam) (affirming

---

[2] Eight people, including customers and employees, pushed carts over the incident area. (*Id.* at 02:36:45–02:42:28.) And eleven people walked over or stood on top of the incident area. (*Id.* at 02:37:09–02:44:39.)

summary judgment, in part, because the plaintiff failed to establish the spill was on the floor for enough time that the defendant-store should have known about the spill). In addition to actual notice, Gonzalez contends that Wal-Mart had constructive notice of the liquid substance on the ground because the spill was on the floor long enough that Wal-Mart should have known of the hazard and because of the size of the spill. (Doc. 38 at 11.)

Gonzalez's constructive notice theory falters from the start. Gonzalez admits that he does not know how long the substance was on the floor before he fell. (Doc. 33-1 at 45.) Of course, a plaintiff could show the passage of time circumstantially, such as through "dirt, scuffing, or tracks in a substance." *Berbridge*, 728 F. App'x at 930 (quotation omitted); *see also Berard*, 559 F. App'x at 978 (affirming summary judgment because the plaintiff did not show "that the spill existed for such a length of time that [the defendant-store] should have known about it"). But Gonzalez admits he did not see anything like that. (Doc. 33-1 at 45.) And, as concluded above, Gonzalez fails to show that the substance was present on the floor at the time the Wal-Mart employee moved the cart. The mere presence of the substance on the floor at the time the accident occurs is insufficient. *See Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011) ("[T]he mere presence of water on the floor is not enough to establish constructive notice").

Gonzalez also attempts to establish Wal-Mart should have known of the hazard because of the size of the spill and the amount of paper towels used to clean the spill. (Doc.

8

38 at 12.) But a jury cannot reasonably infer constructive notice through the size of the spill based solely on the number of paper towels used to remove it. Although a Wal-Mart employee placed a long paper towel roll over the spill, the video footage shows only a small portion soiled from the liquid. (CCTV at 02:47:34.) Further, the other employee who cleaned the spill used a large amount of paper towels so that she could clean the floor with her foot. (*Id.* at 02:48:10–56.) In the light of the small portion of the paper towel soiled by the spill and the apparent purpose of the large volume of paper towels, no reasonable jury could conclude that the mere number of paper towels means that the spill was of a magnitude to give Wal-Mart notice. *See Espinoza v. Target Corp.*, 843 F. App'x. 168, 172 (11th Cir. 2021) (per curiam) (affirming the district court's decision, in part, to grant summary judgment because the plaintiff did not provide a sufficient explanation to show how the size of the puddle related to the length of time the puddle was on the floor to establish constructive notice). And ultimately, even if an employee used all the paper towels to clean the spill, it would still be insufficient to establish constructive notice absent showing how long the substance was on the floor.

More problematic to this version of his constructive notice argument is that Gonzalez fails to present evidence of *when* the substance arrived on the ground. Although they may have been present in the area leading up to Gonzalez's slip, there is no evidence that Wal-Mart employees should have known they were near a hazard because there is no

9

evidence of when the hazard began. Gonzalez fails to meet his burden because his arguments rest on the assumption that the liquid originated from under the cart. Because that argument fails for reasons explained earlier, the mere fact that the employees were in the vicinity prior to Gonzalez's fall does not show that Wal-Mart had constructive notice.

Further, Gonzalez's argument that Wal-Mart had constructive knowledge because it failed to inspect the premises before the spill fails for the same reason: Gonzalez points to no evidence of when the liquid fell on the floor. *Cf. Greenleaf v. Amerada Hess Corp.*, 626 So 2d. 263, 264 (Fla. 4th DCA 1993) ("[A] lack of inspection for spills can circumstantially help establish constructive knowledge of the existence of the spill for the time period since the last inspection, *when coupled with other circumstantial evidence*" (emphasis added)). Evidence that a defendant failed to inspect the premises cannot establish constructive notice when the plaintiff fails to point to evidence that "the defect was actually there for a sufficient period to place the landowner on reasonable notice of its existence." *Smith v. Winn Dixie Stores, Inc.*, 528 So. 2d 987, 987 (Fla. 3d DCA 1988) (per curiam) (quotation omitted). Because Gonzalez fails to provide any other circumstantial evidence of constructive notice, the mere fact Wal-Mart allegedly failed to properly inspect the area cannot create constructive notice.

Finally, Gonzalez fails to identify evidence of frequent spills in the area prior to Gonzalez's fall that would give Wal-Mart constructive notice based on a recurrence theory.

10

Fla. Stat. § 768.0755(1)(b); *see Peer v. Home Depot USA, Inc.*, No. 2:11-cv-14356-KMM, 2012 WL 1453573 at *3 (S.D. Fla. Apr. 26, 2012) (Moore, J.) (granting summary judgment on constructive notice, in part, because there was no evidence from the record of substantially similar incidents occurring with enough frequency to give the defendant-store constructive notice). Gonzalez provided no evidence of prior, similar incidences involving frequent spills in the area. *See Rubiano v. Costco Wholesale Corp.*, No. 1:15-cv-24291-UU, 2016 WL 7540571 at *3 (S.D. Fla. Oct. 4, 2016) (Ungaro, J.) (granting summary judgment, in part, because "there is no evidence that would tend to prove that spills in the area where the [p]laintiff slipped occurred with regularity and [were] therefore foreseeable.") (quotation omitted). Therefore, Gonzalez failed to provide evidence that Wal-Mart had constructive notice through evidence of prior spills.

For the above reasons, Gonzalez fails to provide a material dispute of fact exists that Wal-Mart had constructive notice of the substance prior to his slip and fall.

## IV.  CONCLUSION

Because Gonzales fails to put forth sufficient evidence that Wal-Mart possessed actual or constructive notice, Wal-Mart is entitled to summary judgment on Gonzalez's negligence claim.

Accordingly, the following is **ORDERED**:

1. Wal-Mart's Motion for Summary Judgment is **GRANTED**. (Doc. 32.)

2. The Clerk is directed to enter judgment in Wal-Mart's favor, to terminate any pending motions and deadlines, and to close this case.

**ORDERED** in Tampa, Florida, on July 12, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge