UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ELIMANIEL GONZALEZ,

      Plaintiff,

v.                                     Case No: 8:21-cv-02077-KKM-JSS

WAL-MART STORES EAST, LP,
      Defendants.

_____

## ORDER

Plaintiff Elimaniel Gonzalez moves for reconsideration (Doc. 49) of an earlier order granting summary judgment to Wal-Mart. (Doc. 44.) Because Gonzalez's Rule 59 motion attempts to relitigate matters already resolved in the summary judgment order, his motion for reconsideration is denied.

This Court granted Wal-Mart's motion for summary judgment because there was no genuine issue of material fact, and Wal-Mart was entitled to judgment as a matter of law. Gonzalez sued Wal-Mart after he fell on a liquid substance in a Wal-Mart store. (Doc. 33 at 1–2.) To proceed to trial, Gonzalez needed to put forth evidence that a reasonable jury could conclude that Wal-Mart "had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). Gonzalez

identified no evidence that would allow a reasonable jury to infer that Wal-Mart had actual or constructive notice of the substance before Gonzalez fell. (Doc. 44 at 4–11.)

Nonetheless, Gonzalez asks the Court to reconsider its prior decision. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Shackleford v. Sailor's Wharf, Inc.*, 770 F. App'x 447, 451 (11th Cir. 2019) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993).

Gonzalez fails to meet this high standard. Gonzalez claims that his Rule 59 motion "is not improperly re-arguing the merits on rehearing." (Doc. 49 at 3.) But this is plainly incorrect. The thesis of Gonzalez's motion is that a "reasonable jury could disagree with this Court's evaluation of the evidence." (*Id.* at 5.) Gonzalez then restates what he already argued, or could have argued, in his response to Wal-Mart's motion for summary judgment. (*Id.* at 5–8; Doc. 38 at 6–17.) Because Gonzalez's motion attempts "to relitigate old matters," *Shackleford*, 770 F. App'x at 451, his motion for reconsideration is improper.

Accordingly, Gonzalez's motion for reconsideration of this Court's summary judgment order (Doc. 49) is **DENIED**.

**ORDERED** in Tampa, Florida, on August 30, 2022.

Kathryn Kimball Mizelle
United States District Judge